

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-66,781-02 & WR-66,781-03

## EX PARTE JAMES KENNETH KEELS JR., Applicant

## ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. C34828 & C34855
### IN THE COUNTY COURT AT LAW
### FROM NAVARRO COUNTY

*Per curiam*. ALCALA, J., filed a concurring opinion.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a controlled substance and tampering with physical evidence and sentenced to ninety-nine years' imprisonment in each case. The Tenth Court of Appeals affirmed his convictions. *Keels v. State*, Nos. 10-14-00140-CR & 10-14-00141-CR (Tex. App.—Waco Jul. 15, 2015) (not designated for publication).

Applicant contends, among other things, that his trial counsel rendered ineffective assistance

because he did not convey a plea offer. The trial court has entered findings of fact and conclusions of law, but the findings do not address this claim.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id.*

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make supplemental findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. Specifically, the trial court shall make findings as to whether counsel did not convey a plea offer from the State. If the trial court finds counsel did not pass along an offer and Applicant would have accepted the offer, the court shall make specific findings as to whether the prosecution would have withdrawn the offer and whether the trial court would have accepted the offer. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: October 5, 2016
Do not publish